UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| MATTHEW R. MARTIN, | ) | |
| Plaintiff, | ) | Civil No. 2: 18-102-WOB |
| V. | ) | |
| KENTUCKY DEPT. OF CORRECTIONS, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Matthew Martin is an inmate confined at the Campbell County Detention Center in Newport, Kentucky. Martin has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 3], and the Court has granted his motion to proceed *in forma pauperis* by prior Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Martin alleges that the Kentucky Department of Corrections ("KDOC") has miscalculated the total time he must serve on his state sentences, and that if properly calculated he is entitled to immediate release. [R. 3 at 2-3] Recent correspondence from KDOC indicates that Martin was ineligible for jail credit for certain times periods due to an escape and for absconding from parole. [R. 3 at 8-9] Through his complaint, Martin seeks immediate release from custody and damages.

However, Martin raised this same claim in another action before the Court, and was advised that he must seek earlier release from custody only through a habeas corpus petition, not a civil rights action. *Martin v. Campbell Co. Med. Team*, No. 2: 18-CV-6-WOB (E.D. Ky. June 13, 2018) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). And he may only seek federal habeas

corpus relief after exhausting all remedies available from the state courts. 28 U.S.C. § 2254(b)(1)(A). Finally, any claim for damages is premature unless and until Martin obtains habeas corpus relief establishing that his release from custody was improperly delayed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). For these reasons, Martin's complaint must be dismissed for failure to state a claim.

Accordingly, it is **ORDERED** as follows:

1. Matthew Martin's complaint [R. 3] is **DISMISSED**.

2. The Court will enter a Judgment contemporaneously with this Order.

3. This matter is **STRICKEN** from the active docket of the Court.

This 19th day of June, 2018.

Signed By:
*William O. Bertelsman* WOB
United States District Judge